FILED
2013 Aug-09  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| LARA POLK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:12-CV-1957-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Lara M. Polk ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was forty years old at the time of the Administrative Law Judge's ("ALJ") decision, and she has a high school education and some college course

work. (Tr. at 162.) Her past relevant work experiences include employment as a cook, mystery shopper, vending representative, house cleaner, shelter case worker, apartment manager, office worker, and waitress. (*Id.* at 156, 167.) Plaintiff claims that she became disabled on August 1, 2008, due to anxiety, panic attacks, asthma, ulcerative colitis, depression, back pain, and fibromyalgia. (*Id.* at 151.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step

three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31,

2009. (Tr. At 11.) She further determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's possible somatization disorder versus fibromyalgia is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, she found that this impairment neither meets nor medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 12.) The ALJ did not find Plaintiff's allegations to be totally credible, and determined that Plaintiff has the following RFC:

> light work with a sit/stand option, with the following limitations: no climbing ladders, ropes or scaffolds; no exposure to extreme heat and humidity; avoid concentrated exposure to irritants such as fumes, odors, dusts, gasses, and poorly ventilated areas; avoid concentrated exposure to chemicals; no exposure to unprotected heights; no exposure to hazardous machinery; no direct contact with the public; and work can be around co-workers throughout the day but with only occasional interaction with co-workers.

(*Id.* at 13.)

According to the ALJ, Plaintiff is unable to perform any of her past relevant work. (*Id.* at 20.) Plaintiff is a "younger individual," and she has "at least a high school education," as those terms are defined by the regulations. (*Id.*) The ALJ determined that "transferability of job skills is not material" in this case. (*Id.*) The ALJ found that Plaintiff has the residual functional capacity to perform light work.

(*Id.* at 13.) Even though Plaintiff cannot perform the full range of light work, the ALJ used the Medical-Vocation Rules as a framework supporting a finding that Plaintiff was "not disabled," and the ALJ found that there are a significant number of jobs in the national economy that Plaintiff is capable of performing, such as production assembler, electronic worker, and electronic product assembler. (*Id.* at 20-21.) The ALJ concluded her findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.* at 21.)

II.    Standard of Review

        This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.*

" The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for " despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Plaintiff alleges that the ALJ's decision should be reversed and remanded for three reasons. First, she believes that the ALJ did not give proper weight to the opinion of Dr. Storjohann, a consulting physician. (Doc. 8 at 18.) Second, Plaintiff contends that parts of the ALJ's decision were not supported by substantial

evidence, including the VE testimony, the finding that Plaintiff retains the RFC to perform light work with limitations, the implied finding that Plaintiff's anxiety is not severe, and the determination that Plaintiff is not credible. (Doc. 8 at 19-27.) Third, Plaintiff claims that the ALJ erred by considering adverse inferences from Plaintiff's lack of medical treatment regarding her alleged back impairment. (Doc. 8 at 28.) Plaintiff also moves for a sentence six remand based on a subsequent psychological evaluation. (Doc. 9 at 1.)

A.     Weight Given to Dr. Storjohann's Opinion

Plaintiff contends that the ALJ substituted her own opinion for that of Dr. Storjohann's. (Doc. 8 at 18.) Additionally, Plaintiff contends that the ALJ failed to state the weight given to Dr. Storjohann's opinion. (*Id.*)

1)     *Substitution of the ALJ's Opinion for that of Dr. Storjohann*

A treating psychiatrist's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). However, the opinion of a one-time examiner is not entitled to the same degree of deference as a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). This is particularly true when the one-time examiner's opinion is contradicted by other medical evidence. *Wainwright v.*

*Comm'r of Soc. Sec. Admin.*, 06-15638, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007).

Here, Dr. Storjohann was a consultative physician who completed a one-time mental examination of Plaintiff in 2010; he was not Plaintiff's treating physician. (Tr. at 14.) As such, his opinion is not entitled to substantial or considerable weight. Additionally, as the ALJ noted, Dr. Storjohann based his assessment on Plaintiff's subjective complaints; thus, his opinion was entitled to little weight. (*Id.* at 19.)

The ALJ did not substitute her opinion for Dr. Storjohann's, but instead relied upon the more recent psychological examination conducted by Dr. Davis in 2011. (Tr. at 357-67.) During this examination, Dr. Davis administered the Minnesota Multiphasic Personality Inventory-II, which led to her diagnosing Plaintiff with somatization disorder with features of mild dysthymia, and no significant levels of depression or other symptoms. (Tr. at 363-64.) Dr. Davis also completed a Mental Medical Source Statement, opining that Plaintiff had the following limitations:

> no limitations in her ability to understand and remember simple instructions, no limitations in her ability to carry out simple instructions, no limitations in her ability to make judgment on simple work-related decisions, no limitations in her ability to understand and remember complex instructions, a mild limitation in her ability to carry out complex instructions, a mild limitation in her ability to make

judgment on complex work-related decisions, and no or mild
limitations in her ability to interact appropriately with coworkers and
the public.

(Tr. at 358-59.) Additionally, the opinion of Dr. Davis was "supported by treatment records and the claimant's activities;" thus, the ALJ gave it great weight. (Tr. at 19.)

The case relied upon by Plaintiff, *Wilder v. Chater*, is distinguishable from the present case. 64 F.3d 335 (7th Cir. 1995). In *Wilder*, the ALJ disregarded a psychiatrist's testimony that was the only medical evidence in the case. *Id.* Here, however, there are multiple opinions by multiple doctors, and there was a sufficient basis for giving little weight to the testimony of Dr. Storjohann. Accordingly ALJ did not substitute her opinion for Dr. Storjohann's.

### 2) *The Reason for the Weight Given to Dr. Storjohann's Opinion*

There is no basis for Plaintiff's contention that the ALJ failed to state the weight given to Dr. Storjohann's opinion or that she failed to state the reasons for giving the opinion such weight, as both are explicitly stated in the record. The ALJ noted that "Dr. Storjohann based his assessment on the claimant's subjective complaints, which are not supported by the records," and therefore his opinion was "entitled to little weight." (Tr. at 19.)

B.     Sufficiency of the Supporting Evidence

1)     *Vocational Expert ("VE") Hypothetical*

Plaintiff claims that the VE's testimony was not substantial evidence because the ALJ did not consider Plaintiff's anxiety, panic attacks, asthma, ulcerative colitis, depression, and degenerative condition. (Doc. 8 at 19.)

The ALJ must pose a hypothetical question that includes all of the plaintiff's impairments in order for the VE's response to constitute substantial evidence. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the ALJ is not required to include limitations in the hypothetical that she properly rejected as unsupported. *Allen v. Barnhart*, 174 Fed. App'x 497, 499 (11th Cir. 2006); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Additionally, an ALJ must only explicitly account for limitations in concentration, persistence, and pace when medical evidence does not "demonstrate that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

In this case, the ALJ acknowledged all of the conditions that Plaintiff alleged, but she concluded that Plaintiff had not produced evidence to support a finding that

she had the additional severe impairments. (Tr. at 12-14.) This conclusion is supported by the opinion of Dr. Davis, who found mild to no limitations on job-related skills (Tr. at 358-59), and the opinion of Dr. Jackson, who found mild difficulties in maintaining concentration, persistence, and pace and no episodes of decompensation. (Tr. at 251, 261-62.)

The present case is distinguishable from *Pendley v. Heckler*, the case Plaintiff relied upon. 767 F.2d 1561 (11th Cir. 1985). In *Pendley*, the ALJ found that the claimant suffered from specific physical and mental problems, but failed to include those problems in the hypothetical posed to the VE. *Id.* The court found this to be reversible error. *Id.* Here, as stated above, Plaintiff's alleged conditions are not supported by the medical evidence. (Tr. at 12-14.) Thus the ALJ was not required to include these conditions.

The record and medical evidence do not support a finding that Plaintiff had additional functional limitations not accounted for by the ALJ's hypothetical question to the VE.

### 2)    *RFC Assessment*

Plaintiff contends that the ALJ's finding that she retains the RFC to perform light work with limitations was not supported by substantial evidence. (Doc. 8 at

24.) In support, Plaintiff relies on *Walker v. Bowen*, where an ALJ summarized certain medical reports without providing how he relied upon them, and made no reference to other medical reports in the record. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).

"If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). This requirement is met if the ALJ states that the claimant "did not have an impairment or combination of impairments" amounting to a disability. *Id.* at 1224.

In the present case, the ALJ stated all of the conditions alleged by Plaintiff. (Tr. at 14.) The ALJ concluded, however, that Plaintiff did not produce evidence sufficient to support a finding that she had the additional severe impairments. (Tr. at 12-14.) The ALJ relied upon the opinions of multiple experts, especially Dr. Davis and Dr. Jackson, distinguishing this case from *Walker*. (Tr. at 19.) Additionally, the ALJ specifically stated that she considered Plaintiff's impairments, both alone and in combination. (Tr. at 12.) Therefore, the ALJ sufficiently assessed Plaintiff's impairments for RFC purposes.

### 3)    Non-Severe Anxiety

Next, Plaintiff claims that the implied finding that her anxiety is not severe was not supported by substantial evidence. (Doc. 8 at 25.)

The claimant bears the burden of showing " that [she] has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). In the Eleventh Circuit, " an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Additionally, " the 'impairment' must last or be expected to last . . . not less than 12 months." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002).

Plaintiff has not met the burden of proving that her anxiety is severe. (Tr. at 12.) The ALJ stated that " the claimant has failed to provide sufficient evidence that she has a medical condition that will last 12 months," and later noted that " the severity of the claimant's mental impairment does not meet or medically equal the criteria of listing 12.07." (*Id.*) In making this determination the ALJ evaluated Plaintiff's activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. (*Id.*) Plaintiff was found to have mild

restrictions or limitations in the first three areas, and no periods of decompensation. (*Id.* at 12-13.)

In making the claim that her anxiety is severe, Plaintiff relies on the opinion of Dr. Storjohann and his diagnosis of Generalized Anxiety Disorder with panic attacks. (Doc 8. at 25-26.) However, as the ALJ noted, Dr. Storjohann based his assessment on Plaintiff's subjective complaints and his testimony was not credible. (Tr. at 19.) Additionally, the examination of Dr. Davis resulted in finding no limitations to mild limitations in common workplace activities. (*Id.* at 358-59.) Accordingly, the ALJ properly considered all of the conditions alleged by Plaintiff. (*Id.* at 14.)

There also remain "jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. at 20.) The presence of mild to no limitations in Plaintiff's daily life and work-related areas, combined with the significant number of jobs available, show that the ALJ's finding that Plaintiff's anxiety was not severe was supported by substantial evidence

4)    *Plaintiff's Credibility*

Plaintiff contends that the ALJ's decision that she is not credible was not based on substantial evidence, and that the ALJ failed to provide sufficient

explanation for the finding. (Doc. 8 at 27.)

The regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant must produce "evidence of an underlying medical condition" as well as objective medical evidence confirming the severity of the pain. *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ's credibility determination does not have to cite particular formulations; however, there cannot be a broad rejection that prevents this Court from concluding that the ALJ considered the entirety of the medical evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). One factor an ALJ considers when weighing a claimant's subjective complaints against the medical record is the claimant's activities of daily living. *Id.* at 1212.

In this case, Plaintiff's "extensive activities, in addition to her work activities, are inconsistent with her alleged disability and are inconsistent with the assessment of Dr. Storjohann and Dr. Fava." (Tr. at 19.) Plaintiff takes care of her three children, cleans the house, cooks, runs errands, home schools, and does all indoor and outdoor chores. (*Id.* at 18, 177-81.) She reads, attends church, and interacts with her family. (*Id.*) Plaintiff cleaned houses and occasionally babysat for

pay, though neither of these amounted to substantial gainful activity for the period of time in question. (*Id.* at 11, 19.)

Plaintiff also made inconsistent statements regarding her work history. Plaintiff told Dr. Iyer during her examination that she had not worked in five years. (*Id.* at 346.) Plaintiff then later testified that she did some work in 2010. (*Id.* at 35-36.) The ALJ found that these inconsistent statements undermined Plaintiff's credibility. (*Id.* at 19.)

Also, as noted by the ALJ, "the claimant's subjective allegations of record regarding her symptoms and limitations exceed the minimal objective findings of abnormality documented in the medical evidence." (*Id.*) Specifically, Dr. Davis opined that Plaintiff had mild or no limitations in work-related areas, which weakens Plaintiff's credibility. (*Id.* at 363-64.) Dr. Davis also opined that Plaintiff is likely an individual with a mild-to-moderate level of dysphoria, tension, and worry, but no significant levels of depression or other symptoms. (*Id.* at 17, 363-64.) Therefore, Plaintiff's claims are not supported by her daily activities or the medical record, and as such the ALJ properly supported her decision that Plaintiff's claims are not credible.

C.    Adverse Inferences

Next, Plaintiff contends that the ALJ improperly drew adverse inferences from the lack of medical treatment about her impairment of degenerative changes of the lumbar spine. (Doc. 8 at 28.)

Plaintiff reported daily activities that do not support a finding of severe impairments or functional limitations, including driving, home schooling her daughter, cooking, cleaning, grocery shopping, and engaging in outdoor and indoor chores. (Tr. at 177-81, 242-43, 363.)

The ALJ reviewed the medical evidence of record and based her conclusion that Plaintiff's back impairment was not severe on benign objective findings that occurred during a medical examination. (Tr. at 11-12.) During her examination with Dr. Iyer, Plaintiff was in no acute distress and had normal range of motion of the cervical spine, lumbar spine, hips, knees, ankles, elbows, wrists, and fingers. (Tr. at 346.) There was no evidence of swelling or deformity, and Tinel's and Phalen's signs were also normal. (*Id.*) Dr. Iyer opined that Plaintiff's perceived pain was disproportional to the objective evidence revealed by examination. (Tr. at 347.) Based on Plaintiff's own reported daily activities, as well as the finding of a non-severe back impairment in the medical records, the ALJ did not improperly draw adverse inferences in regards to Plaintiff's alleged back impairment.

D.    Sentence Six Remand

Finally, Plaintiff moved for a "sentence six" remand for consideration of Dr. David Wilson's report. Plaintiff argues that Dr. Wilson's report is important because he "broke the tie" between two previous psychological evaluations by the Commissioner. (Doc. 11 at 4.) The report, from a June 17, 2012 examination, was not available on the date of the ALJ hearing, October 28, 2011, or prior to the Final Decision of the Appeals Council. (Doc. 9 at 2.)

Under sentence six, "the court may remand the case to the Commissioner of Social Security for further action . . . and it may at any time order additional evidence to be taken." 42 U.S.C. § 405(g). However, this additional evidence may be taken "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (*Id.*)

Plaintiff submits a consultative examination report dated eight months after the ALJ's decision as grounds for a sentence six remand. A similar situation arose previously in *Wilson v. Apfel*, 179 F.3d 1276 (11th Cir. 1999). There, the court found the evidence irrelevant. *Id.* at 1278. "We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which

period was necessarily prior to the date of the ALJ's decision." *Id.* at 1279. The court held that while the new evidence, a doctor's opinion from one year after the ALJ's ruling, may have been relevant to whether a deterioration in Plaintiff's condition *subsequently* entitled her to benefits, it was not probative to the case on which the ALJ had ruled. *Id.*

As in *Wilson*, the new report from Dr. Wilson is irrelevant because it was created eight months after the ALJ's decision and does not in any way refer back to the period for which Plaintiff seeks disability benefits. Accordingly, Plaintiff's motion to remand pursuant to sentence six is due to be denied.

IV.    Conclusion

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 9th day of August 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
171032